UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

TINA LYNNE WAGONER,

       Plaintiff,

   -v-                                                       19-CV-6740MAT
                                                               ORDER
GEOFFREY KAEUPER and LORI RIEMAN,

       Defendants.
_____

       Pro se Plaintiff Tina Lynne Wagoner is a prisoner currently confined in the Bedford Hills Correctional Facility who has filed a Complaint asserting claims under 42 U.S.C. § 1983. Docket Item 1. She also has submitted an application to proceed *in forma pauperis* (Docket Item 7) and signed an Authorization. Docket Item 10. For the reasons stated below, Plaintiff's Motion to proceed *in forma pauperis* ("IFP") is denied and the Complaint will be dismissed without prejudice unless Plaintiff pays the filing and administrative fees of $400.00 as directed below.

## DISCUSSION

**I.     Three "Strikes" Rule**

       A "prisoner," *see* 28 U.S.C. § 1915(h),[1] who has "on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim . . . ," may not proceed *in forma pauperis* "unless [she] is under imminent danger of

---

[1] "Prisoner" is defined as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for . . . violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h).

1

serious physical injury." § 1915(g). In other words, when a prisoner has garnered three "strikes," as they are commonly known, the motion for IFP status must be denied unless plaintiff has asserted claims which indicate that she is in imminent danger of serious physical injury. In that regard, the Court must determine whether the plaintiff was in imminent danger at the time of the filing of the complaint. *Malik v. McGinnis*, 293 F.3d 559 (2d Cir. 2002).

As this Court has previously found, Plaintiff had garnered three strikes in proceedings before this Court by November of 2018, well before she filed the application to proceed IFP in this case on September 16, 2019. *See Wagoner v. Pettit-Reiman*, 18-CV-6850MAT Docket Item 9.

In 16-CV-0755, *Wagoner v. Ciocca*, the amended complaint was dismissed for failure to state a claim on which relief could be granted on May 17, 2018, and Plaintiff was warned that her ability to pursue to further relief in federal court at public expense would be greatly curtailed if she had three actions or appeals dismissed. *Id*. Item 19. On January 2, 2019, Plaintiff's appeal from that order was dismissed by the Second Circuit because it lacked an arguable basis in law or fact. *Id*. Docket Item 25. In *Wagoner v. Corrections Officer #1*, 16-CV-0802, the amended complaint was dismissed for failure to state a claim on April 18, 2018. *Id*. Docket Item 13. Finally, in *Wagoner v. Ploetz*, 18-CV-0008, Plaintiff's claims were dismissed without leave to amend, in an order entered on April 20, 2018, because the defendants were immune from suit. *Id*. Docket Item 8.

Therefore, the Court finds that Plaintiff has had at least three actions or appeals dismissed for being frivolous, failing to state a claim or seeking relief against a defendant immune from relief. Accordingly, pursuant to the mandate of 28 U.S.C. § 1915(g),

Plaintiff's present Motion for *in forma pauperis* status must be denied unless she has plausibly asserted that she is under imminent danger of serious physical injury.

II.     **Imminent Danger of Serious Physical Injury**

The Second Circuit has instructed that "[a]n imminent danger is not one 'that has dissipated by the time a complaint is filed;' rather it must be one 'existing at the time the complaint is filed.'" *Chavis v. Chappius*, 618 F.3d 162, 169 (2d Cir. 2010) (internal citation omitted) (quoting *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009) and *Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002), respectively); *see also Akassy v. Hardy*, 887 F.3d 91, 96 (2d Cir. 2018) (explaining that "it is not sufficient to allege that 'harms . . . had already occurred'") (quoting *Malik*, 293 F.3d at 562–63) (alterations in original)).

While § 1915(g) presents "only a threshold procedural question," which does not require "an overly detailed inquiry into . . . the allegations," there must still be a serious physical injury feared. *Chavis*, 618 F.3d at 169 (quoting *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007)). There must also "be a nexus between the imminent danger a three-strikes prisoner alleges . . . and the legal claims asserted in his complaint." *Akassy*, 887 F.3d at 97 (quoting *Pettus*, 554 F.3d at 297). To assess whether the proper nexus exists, courts look to "(1) whether the imminent danger of serious physical injury that a three-strikes litigant alleges is *fairly traceable* to unlawful conduct asserted in the complaint[;] and (2) whether a favorable judicial outcome would *redress* that injury." *Pettus*, 554 F.3d at 298–99.

In this case, the Complaint alleges only that Defendants have mishandled Plaintiff's challenge to the criminal action which resulted in her present incarceration. Docket Item 1 at 1-6. Defendants, a law clerk with the Appellate Division, Fourth

3

Department and the prosecutor in Plaintiff's criminal case, are not plausibly alleged to place Plaintiff in imminent danger of serious physical injury. Clearly, Plaintiff's claims do not allege the harm contemplated by § 1915(g). Therefore, Plaintiff's Motion to proceed *in forma pauperis* is denied and the Complaint will be dismissed unless Plaintiff pays the filing and administrative fees of $400.00.

## **CONCLUSION**

Plaintiff's Motion to proceed *in forma pauperis* status is DENIED. Plaintiff has **30 days** from the issuance of this Order to pay the $400.00 filing fees. If the filing fees are not paid by that date, the Complaint shall be DISMISSED without prejudice, and the Clerk of Court shall terminate this action without further order of this Court.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and leave to appeal to the Court of Appeals as a poor person is denied. *See Coppedge v. United States*, 369 U.S. 438 (1962). Requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

**SO ORDERED.**

*s/ Michael A. Telesca*

_____
Michael A. Telesca
United States District Judge

DATED: February 28, 2020
Rochester, NY